**DLD-112**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1469
_____

IN RE: RAPHAEL MENDEZ,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to Civ. No. 3-23-cv-00037)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 18, 2024

Before: JORDAN, PORTER, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Petitioner Raphael Mendez has for many years been involuntarily committed to

the Federal Medical Center in Rochester, Minnesota (FMC Rochester).[1]  In March 2024,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] In 1990, Mendez was indicted in the District Court of the Virgin Islands for assault with
a deadly weapon and related offenses.  He was later found not competent to stand trial
and ultimately committed under 18 U.S.C. § 4246.

he filed a petition for a writ of mandamus relating to his ongoing proceedings in both the federal and territorial courts of the Virgin Islands. In the petition, he asserts that the District Court of the Virgin Islands and the Supreme Court of the Virgin Islands are "disregarding the appropriate and necessary laws in abuse of their discretionary powers," Pet. 1, ECF No. 4, and "delaying, hindering and obstructing justice," id. 5. He asks us to compel the courts to "tell [him] why they are refusing to debate or refute [the] authorities [he] has been citing[]." Id. 2. According to Mendez, mandamus relief is warranted because the courts' refusal to do so amounts to "judicial usurpation." Id. 5.

We will deny the mandamus petition. A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that he has "no other adequate means to obtain the desired relief" and that "the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Mendez has not made this showing. He essentially contends that both the territorial court and the District Court have improperly applied the law. But mandamus is not a substitute for appeal. See id. at 77. Moreover, this Court does not have mandamus jurisdiction over the Supreme Court of the Virgin Islands. See Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991) (explaining that the writ must be "in aid of *our* jurisdiction" (quotation marks omitted)); Vooys v. Bentley, 901 F.3d 172, 184 (3d Cir. 2018) (recognizing that this Court no longer has certiorari jurisdiction over the Supreme Court of the Virgin Islands).

Accordingly, we will deny the mandamus petition.